UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS C. KELLY,<br><br>                       Plaintiff,<br><br>vs<br><br>HANDY & HARMAN, WHX CORPORATION, HANDY & HARMAN SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, HANDY & HARMAN EXECUTIVE POST-RETIREMENT LIFE INSURANCE PROGRAM, HANDY & HARMAN PENSION PLAN/WHX PENSION PLAN, H&H MANAGEMENT INCENTIVE PLAN, H&H LONG-TERM INCENTIVE PLAN, INCENTIVE AND NON-QUALIFIED STOCK OPTION PLAN, AND THE HANDY & HARMAN POST-RETIREMENT MEDICAL PLAN,<br><br>                       Defendants. | CIVIL ACTION NO.<br>08CV00163 (KMK)<br><br><br><br>ANSWER |

       Defendants Handy & Harman ("H&H"), WHX Corporation ("WHX"), Incentive and non-Qualified Stock Option Plan ("Option Plan"), and the Handy & Harman Post-Retirement Medical Plan ("Medical Plan"), by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, for their Answer, state:

       1.     Deny the allegations contained in paragraph 1 of the Complaint.

       2.     Deny the allegations contained in paragraph 2 of the Complaint, except admit that Plaintiff was terminated for cause on September 15, 2005, that Handy & Harman ("H&H") is a diversified manufacturer, and that Plaintiff held the positions of Vice President and Chief Financial Officer at the time of his termination.

       3.     Deny the allegations contained in paragraph 3 of the Complaint, except admit that WHX acquired H&H in April 1998, Paul Dixon was General Counsel of H&H and Robert

568973-2

LeBlanc was President of H&H at that time, and H&H has concluded that the document entitled "H&H Supplemental Executive Retirement Plan dated August 1998" ("alleged August 1998 SERP") was never approved or authorized by the Board and therefore invalid. Defendants refer the Court to the September 27, 2006 letter of Louis Klein for an accurate portrayal of his findings.

4. Deny the allegations contained in paragraph 4 of the Complaint, except admit that WHX filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in March 2005 and that Steel Partners II, L.P. ("Steel Partners") acquired a significant interest in WHX in August 2005.

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that H&H retained the law firm Olshan Grundman Frome Rosenzweig & Wolosky LLP to evaluate the alleged August 1998 SERP and the H&H Executive Post-Retirement Life Insurance Program ("Life Insurance Program").

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that on or about May 2005, Olshan Grundman Frome Rosenzweig & Wolosky LLP issued a report concluding that the alleged August 1998 SERP was never properly adopted and approved, and refer the Court to the report for its complete content.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit that Plaintiff was terminated for cause in September 2005, and H&H concluded that the alleged August 1998 SERP was never properly adopted by its Board.

9. Deny the allegations contained in paragraph 9 of the Complaint.

568973-2

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that the SERP dated January 1998 ("January 1998 SERP") is an unfunded benefits plan that provides for supplemental retirement benefits for members of its senior management.

14. Deny the allegations contained in paragraph 14 of the Complaint, except admit that the Life Insurance Program provides for life insurance benefits for certain employees who remained employed with H&H until the time of retirement and is a welfare benefit plan under ERISA § 3(1).

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that the H&H/WHX Pension Plan ("Pension Plan") is a pension plan under ERISA § 3(2) and at all relevant times Plaintiff was a participant of the Pension Plan.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that the H&H Management Incentive Plan ("Bonus Plan") was an incentive program for certain employees.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that the H&H Long-Term Incentive Plan ("Incentive Plan") was an incentive program for certain employees and that the Incentive Plan had expired by the time of Plaintiff's termination.

18. Deny the allegations contained in paragraph 18 of the Complaint, except admit that the WHX Incentive and Non-Qualified Stock Option Plan ("Option Plan") provided stock

options to certain employees. The Option Plan was cancelled and annulled by WHX's bankruptcy filing.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit that H&H Post-Retirement Medical Plan ("Medical Plan") is a welfare benefit plan under ERISA § 3(1).

20. The allegations contained in paragraph 20 of the Complaint state legal conclusions as to which no response is necessary.

21. The allegations contained in paragraph 21 of the Complaint concerning the statutory provisions state legal conclusions as to which no response is necessary. Defendants admit that their principal place of business is New York and deny the remaining allegations contained in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint state legal conclusions as to which no response is necessary.

23. Admit the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except admit that at the time of his termination, Plaintiff was Vice President and Chief Financial Officer.

25. Admit the allegations contained in paragraph 25 of the Complaint and refer the Court to Plaintiff's employment agreement for its complete terms.

26. Deny the allegations contained in paragraph 26 of the Complaint and refer the Court to Plaintiff's employment agreement for its complete terms.

27. Deny the allegations contained in paragraph 27 of the Complaint and refer the Court to Plaintiff's employment agreement for its complete terms.

568973-2

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admit that the January 1998 SERP exists.

29. Deny the allegations contained in paragraph 29 of the Complaint, except admit that the January 1998 SERP is an unfunded plan.

30. Deny the allegations contained in paragraph 30 of the Complaint, except admit the allegations concerning the positions that Robert LeBlanc and Paul Dixon held at H&H in 1998 and that WHX acquired H&H in or around April 1998.

31. Deny the allegations contained in paragraph 31 of the Complaint, and refer the Court to H&H's Amended and Restated Bylaws for its complete terms.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint, except admit that Mr. LeBlanc made a presentation to the WHX Compensation Committee, that Mr. LeBlanc agreed to make further proposals to the WHX Compensation Committee, and refer the Court to the minutes of the August 5, 1998 meeting for its complete contents.

34. Deny the allegations contained in paragraph 34 of the Complaint, except admit that the H&H Board agreed to refer the matter of certain benefit plans to the WHX Board, and refer the Court to the minutes of the October 30, 1998 meeting for its complete contents.

35. Deny the allegations contained in paragraph 35 of the Complaint, except admit that the January 1998 SERP is administered by the H&H Compensation Committee, and refer the Court to the January 1998 SERP and the alleged August 1998 SERP for their complete contents.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint, and refer the Court to the minutes of the November 5, 1998 meeting of the WHX Compensation Committee for its complete contents.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint and refer the Court to the March 26, 1998 Minutes of the H&H Compensation Committee for its complete contents.

42. Deny the allegations contained in paragraph 42 of the Complaint, and refer the Court to the Settlement and Releases for their complete contents.

43. Deny the allegations contained in paragraph 43 of the Complaint, and refer the Court to Second Amended and Restated Trust Agreement for its complete contents.

44. Deny the allegations contained in paragraph 44 of the Complaint, and refer the Court to the report dated November 4, 1998 from Watson Wyatt & Company for its complete contents.

45. Deny the allegations contained in paragraph 45 of the Complaint, except admit that Mr. LeBlanc was terminated in 2003 and received a payout, and refer the Court to the Unanimous Consent of the H&H Board of Directors, dated April 3, 2003, and the minutes of the May 7, 2003 meeting of the WHX Compensation Committee for their complete contents.

46. Deny the allegations contained in paragraph 46 of the Complaint, except admit that Mr. Nance was terminated in 2001 and received a payout, and refer the Court to the calculations performed by Watson Wyatt & Company for its complete contents.

47. Deny the allegations contained in paragraph 47 of the Complaint, except admit that a copy of the alleged August 1998 SERP was distributed in 2003 to certain executives, who signed and returned a SERP Benefit Election Form.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint, except admit that Acknowledgment and Releases were executed in 2005 in connection with WHX's bankruptcy filing and refer the Court to the documents for their complete terms. Defendants also refer the Court to the September 27, 2006 letter of Louis Klein for an accurate portrayal of his findings.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint, and refer the Court to H&H's Amended and Restated Bylaws for its complete terms.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, except admit that Watson Wyatt discussed the MIP with Plaintiff.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

7

568973-2

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, except admit that H&H shut down Maryland Specialty Wire and Strandflex.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, except admit that H&H shut down its Precious Metal Operations.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, except admit that H&H shut down certain stainless steel wire operations.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint, and refer to the extensive responses by the Claims Administrator and the Plan Administrator for their complete contents.

63. Deny the allegations contained in paragraph 63 of the Complaint, particularly that it is common corporate practice to adopt or approve pension and benefit plans in the manner described and refer the Court to the documents for their complete contents and date of execution.

64. Deny the allegations contained in paragraph 64 of the Complaint.

65. Deny the allegations contained in paragraph 65 of the Complaint, except admit that H&H maintains and sponsors the January 1998 SERP.

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 67 of the Complaint, except admit that Steel Partners acquired a significant interest in WHX in August 2005.

68. Deny the allegations contained in paragraph 68 of the Complaint.

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint, except admit that Towers Perrin performed SERP calculations and arrived at a higher lump sum calculation than Watson Wyatt did under the August 1998 SERP.

72. Deny the allegations contained in paragraph 72 of the Complaint, except admit that Plaintiff corresponded with WHX and H&H executives about the alleged August 1998 SERP.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint, except admit that Olshan Grundman Frome Rosenzweig & Wolosky LLP was hired to evaluate the SERP amendments.

75. Deny the allegations contained in paragraph 75 of the Complaint, and refer the Court to the report for its complete contents.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint, except admit that Plaintiff was terminated for cause in September 2005.

78. Deny the allegations contained in paragraph 78 of the Complaint, and refer the Court to Plaintiff's employment agreement for its complete terms.

79. Deny the allegations contained in paragraph 79 of the Complaint, except admit that H&H was unaware of the alleged August 1998 SERP and refer the Court to the termination letter for its complete contents.

80.   Deny the allegations contained in paragraph 80 of the Complaint, except admit that H&H was acquired by Steel Partners.

81.   Deny the allegations contained in paragraph 81 of the Complaint, and refer the Court to the September 15, 2005 letter for its complete contents.

82.   Deny the allegations contained in paragraph 82 of the Complaint.

83.   Deny the allegations contained in paragraph 83 of the Complaint, and refer the Court to the Amended and Restated Bylaws of its complete contents.

84.   Deny the allegations contained in paragraph 84 of the Complaint.

85.   Deny the allegations contained in paragraph 85 of the Complaint.

86.   Deny the allegations contained in paragraph 86 of the Complaint.

87.   Deny the allegations contained in paragraph 87 of the Complaint, and refer the Court to the January 1998 SERP and alleged August 1998 SERP for their complete contents.

88.   Deny the allegations contained in paragraph 88 of the Complaint, and refer the Court to the Seconded Amended and Restated Trust Agreement for its complete contents.

89.   Deny the allegations contained in paragraph 89 of the Complaint, except admit that Plaintiff demanded benefits on or about April 26, 2006.

90.   Admit the allegations contained in paragraph 90 of the Complaint.

91.   Deny the allegations contained in paragraph 91 of the Complaint, and refer the Court to the May 26, 2006 letter for its complete contents.

92.   Deny the allegations contained in paragraph 92 of the Complaint.

93.   Deny the allegations contained in paragraph 93 of the Complaint, except admit that Plaintiffs' claims under the alleged August 1998 SERP were denied, and refer the Court to the September 27, 2006 letter for its complete contents.

568973-2

94. Deny the allegations contained in paragraph 94 of the Complaint, except admit that Mr. Louis Klein is a director of WHX, a member of the WHX Compensation Committee, and was appointed Claim Administrator for the SERP and Life Insurance Program.

95. Deny the allegations contained in paragraph 95 of the Complaint, except admit that Mr. Klein was a member of the H&H Compensation Committee and the SERP is an unfunded plan.

96. Admit the allegations contained in paragraph 96 of the Complaint.

97. Deny the allegations contained in paragraph 97 of the Complaint, except admit that Plaintiff appealed the Claim Administrator's decision.

98. Deny the allegations contained in paragraph 98 of the Complaint, and refer the Court to the January 9, 2007 letter for its complete contents.

99. Deny the allegations contained in paragraph 99 of the Complaint, except admit that the Plan Administrator responded to Plaintiff's appeal on February 8, 2007, and refer the Court to the February 8, 2007 letter for its complete contents.

100. Deny the allegations contained in paragraph 100 of the Complaint.

101. Deny the allegations contained in paragraph 101 of the Complaint, except admit that Mr. Smith is a director of WHX, a member of the WHX Compensation Committee, and is the Plan Administrator for the SERP and Life Insurance Program.

102. Deny the allegations contained in paragraph 102 of the Complaint, except admit that Mr. Smith was a member of the H&H Compensation Committee and the SERP is an unfunded plan.

103. Deny the allegations contained in paragraph 103 of the Complaint, and refer the Court to the Amended and Restated Bylaws for its complete contents.

568973-2

104. The allegations contained in paragraph 104 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

105. The allegations contained in paragraph 105 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

106. Deny the allegations contained in paragraph 106 of the Complaint.

107. Deny the allegations contained in paragraph 107 of the Complaint, except admit that Plaintiff was an officer or director of H&H.

108. The allegations contained in paragraph 108 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

109. The allegations contained in paragraph 109 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

110. The allegations contained in paragraph 110 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

111. In response to paragraph 111 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 110 as if set forth at length herein.

112. Admit the allegations contained in paragraph 112 of the Complaint.

113. Deny the allegations contained in paragraph 113 of the Complaint.

114. Deny the allegations contained in paragraph 114 of the Complaint.

115. Deny the allegations contained in paragraph 115 of the Complaint.

116. Deny the allegations contained in paragraph 116 of the Complaint.

117. In response to paragraph 117 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 116 as if set forth at length herein.

118. Deny the allegations contained in paragraph 118 of the Complaint.

119. Deny the allegations contained in paragraph 119 of the Complaint.

120. Deny the allegations contained in paragraph 120 of the Complaint.

121. The allegations contained in paragraph 121 of the Complaint state legal conclusions to which no response is necessary.

122. In response to paragraph 122 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 121 as if set forth at length herein.

123. Deny the allegations contained in paragraph 123 of the Complaint.

124. Deny the allegations contained in paragraph 124 of the Complaint.

125. Deny the allegations contained in paragraph 125 of the Complaint.

126. Deny the allegations contained in paragraph 126 of the Complaint.

127. Deny the allegations contained in paragraph 127 of the Complaint, except admit Plaintiff is entitled to elect to receive a lump sum payment under the January 1998 SERP.

128. Deny the allegations contained in paragraph 128 of the Complaint.

129. Deny the allegations contained in paragraph 129 of the Complaint.

130. Deny the allegations contained in paragraph 130 of the Complaint, except admit that Plaintiff made a demand for benefits on April 26, 2006.

131. Deny the allegations contained in paragraph 131 of the Complaint, except admit that H&H responded to Plaintiff's claims on or about September 27, 2006, and refer the Court to the letter for its complete contents.

132. Deny the allegations contained in paragraph 132 of the Complaint, except admit that Plaintiff appealed his denial on December 11, 2006.

133. Deny the allegations contained in paragraph 133 of the Complaint, except admit Plaintiffs' appeal was denied on or about February 8, 2007.

134. Deny the allegations contained in paragraph 134 of the Complaint.

135. Deny the allegations contained in paragraph 135 of the Complaint.

136. Deny the allegations contained in paragraph 136 of the Complaint.

137. Deny the allegations contained in paragraph 137 of the Complaint.

138. In response to paragraph 138 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 137 as if set forth at length herein.

139. Deny the allegations, except admit that the Pension Plan is a pension plan under ERISA § 3(2).

140. Deny the allegations, except admit that the allegations that the Life Insurance Program is a welfare benefit plan under ERISA§ 3(1).

141. Admit the allegations contained in paragraph 141 of the Complaint.

142. Deny the allegations contained in paragraph 142 of the Complaint.

143. Deny the allegations contained in paragraph 143 of the Complaint.

144. Deny the allegations contained in paragraph 144 of the Complaint, except admit that Plaintiff made a demand for benefits on April 26, 2006.

145. Admit the allegations contained in paragraph 145 of the Complaint.

146. Deny the allegations contained in paragraph 146 of the Complaint.

147. Deny the allegations contained in paragraph 147 of the Complaint, and refer the Court to the August 27, 2006 letter for its complete contents.

148. Deny the allegations contained in paragraph 148 of the Complaint.

149. Deny the allegations contained in paragraph 149 of the Complaint.

150. Deny the allegations contained in paragraph 150 of the Complaint.

151. Deny the allegations contained in paragraph 151 of the Complaint.

152. In response to paragraph 152 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 151 as if set forth at length herein.

153. Deny the allegations contained in paragraph 153 of the Complaint.

154. Deny the allegations contained in paragraph 154 of the Complaint.

155. Deny the allegations contained in paragraph 155 of the Complaint.

156. Deny the allegations contained in paragraph 156 of the Complaint, except admit that Plaintiff made a demand for benefits on April 26, 2006.

157. Deny the allegations contained in paragraph 157 of the Complaint, except admit that Plaintiff's claims under the Bonus Plan and the Incentive Plan were denied on May 26, 2006.

158. Deny the allegations contained in paragraph 158 of the Complaint, except admit that Plaintiff appealed the denial of his benefits under the Bonus Plan and the Incentive Plan on July 10, 2006.

159. Deny the allegations contained in paragraph 159 of the Complaint, except admit that Plaintiff's claims under the alleged August 1998 SERP were denied on September 27, 2006.

160. Deny the allegations contained in paragraph 160 of the Complaint.

568973-2

161. Deny the allegations contained in paragraph 161 of the Complaint.

162. Deny the allegations contained in paragraph 162 of the Complaint.

163. Deny the allegations contained in paragraph 163 of the Complaint.

164. Deny the allegations contained in paragraph 164 of the Complaint.

165. Deny the allegations contained in paragraph 165 of the Complaint.

166. Deny the allegations contained in paragraph 166 of the Complaint.

167. Deny the allegations contained in paragraph 167 of the Complaint.

168. Deny the allegations contained in paragraph 168 of the Complaint.

169. In response to paragraph 169 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 168 as if set forth at length herein.

170. Deny the allegations contained in paragraph 170 of the Complaint.

171. Deny the allegations contained in paragraph 171 of the Complaint, except admit that Plaintiff was employed by H&H at all relevant times and was receiving appropriate benefits as such.

172. Deny the allegations contained in paragraph 172 of the Complaint, except admit that Plaintiff was employed by H&H.

173. Deny the allegations contained in paragraph 173 of the Complaint.

174. Deny the allegations contained in paragraph 174 of the Complaint.

175. Deny the allegations contained in paragraph 175 of the Complaint.

176. Deny the allegations contained in paragraph 176 of the Complaint.

177. In response to paragraph 177 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 176 as if set forth at length herein.

178. Deny the allegations contained in paragraph 178 of the Complaint, except admit that the statutes provide for awarding attorney's fees and costs in certain cases.

179. Deny the allegations contained in paragraph 179 of the Complaint.

180. In response to paragraph 180 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 179 as if set forth at length herein.

181. Deny the allegations contained in paragraph 181 of the Complaint.

182. Deny the allegations contained in paragraph 182 of the Complaint.

183. Deny the allegations contained in paragraph 183 of the Complaint.

184. Deny the allegations contained in paragraph 184 of the Complaint.

185. Deny the allegations contained in paragraph 185 of the Complaint.

186. Deny the allegations contained in paragraph 186 of the Complaint.

### First Affirmative Defense

The Complaint, and each Count thereof, fails to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred because Defendant owed no duty to Plaintiff.

### Third Affirmative Defense

Plaintiff's claims are barred because Defendant did not breach any duty it may have owed to Plaintiff.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to the doctrines of waiver, estoppel, and unclean hands.

### Fifth Affirmative Defense

Defendants specifically reserves the right to file and assert any and all additional defenses in response to the Complaint, including any additional affirmative or special defenses, or any such other matters constituting an avoidance, which may subsequently come to the attention of Defendant, to the full extent permitted by law, including those asserted by any other defendant or that become available or apparent during discovery.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own material breaches of contract.

### Seventh Affirmative Defense

The Option Plan has been annulled by virtue of WHX's reorganization.

### Seventh Affirmative Defense

Plaintiff's claims against WHX are barred by WHX's bankruptcy.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 7, 2008

        OLSHAN GRUNDMAN FROME
        ROSENZWEIG & WOLOSKY LLP

        By: /s/ Christine Wong
            Thomas J. Fleming, Esq. (TJF 4433)
            Christine W. Wong, Esq. (CWW 7683)
            *Attorneys for Defendants*
            Park Avenue Tower
            65 East 55th Street
            New York, New York 10022
            (212) 451-2300

568973-2