UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS C. KELLY,<br><br>        Plaintiff,<br><br>vs<br><br>HANDY & HARMAN, WHX CORPORATION, HANDY & HARMAN SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, HANDY & HARMAN EXECUTIVE POST-RETIREMENT LIFE INSURANCE PROGRAM, HANDY & HARMAN PENSION PLAN/WHX PENSION PLAN, H&H MANAGEMENT INCENTIVE PLAN, H&H LONG-TERM INCENTIVE PLAN, INCENTIVE AND NON-QUALIFIED STOCK OPTION PLAN, AND THE HANDY & HARMAN POST-RETIREMENT MEDICAL PLAN,<br><br>        Defendants. | CIVIL ACTION NO. 08CV00163 (KMK)<br><br><br>ANSWER |

   Defendants H&H Management Incentive Plan ("Bonus Plan") and H&H Long-Term Incentive Plan ("Incentive Plan"), by their attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, for their Answer, state:

   1. Deny the allegations contained in paragraph 1 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the ERISA Plans.

   2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admit that Plaintiff was an employee of Handy & Harman ("H&H").

569882-1

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admit that WHX Corporation ("WHX") acquired H&H in April 1998.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admit that WHX filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in March 2005 and that Steel Partners II, L.P. acquired a significant interest in WHX in August 2005.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that the Bonus Plan was an incentive program for certain employees.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that the Incentive Plan was an incentive program for certain employees and that the Incentive Plan had expired by the time of Plaintiff's termination.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint state legal conclusions as to which no response is necessary.

21. The allegations contained in paragraph 21 of the Complaint concerning the statutory provisions state legal conclusions as to which no response is necessary. Defendants admit that their principal place of business is New York and deny the remaining allegations contained in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint state legal conclusions as to which no response is necessary.

23. Admit the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Admit the allegations contained in paragraph 25 of the Complaint and refer the Court to Plaintiff's employment agreement for its complete terms.

26. Deny the allegations contained in paragraph 26 of the Complaint and refer the Court to Plaintiff's employment agreement for its complete terms.

27. Deny the allegations contained in paragraph 27 of the Complaint and refer the Court to Plaintiff's employment agreement for its complete terms.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, except admit that WHX acquired H&H in or around April 1998.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and refer the Court to H&H's Amended and Restated Bylaws for its complete terms.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

569882-1

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, except admit that the Bonus Plan and the Incentive Plan were specifically approved by the H&H Board.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, except admit bonus payments were made to H&H executives for the year 2002, which the Compensation Committee ratified in 2003.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, except admit that H&H is a wholly owned subsidiary of WHX.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, except admit that Steel Partners II, L.P. acquired a significant interest in WHX.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.	Deny the allegations contained in paragraph 80 of the Complaint, except admit that H&H was acquired by Steel Partners.

81.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, except admit that Plaintiff was terminated in September 2005 and refer the Court to the September 15, 2005 letter for its complete contents.

82.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and refer the Court to the Amended and Restated Bylaws for its complete contents.

84.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

569882-1

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint, except admit that Plaintiff made a demand for benefits under the Bonus Plan and the Incentive Plan.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint and refer the Court to the May 26, 2006 letter for its complete contents.

92. Deny the allegations contained in paragraph 92 of the Complaint except admit that Plaintiff appealed the denial of benefits under the Bonus Plan and the Incentive Plan and refer the Court to the July 10, 2006 letter for its complete contents.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103. Deny the allegations contained in paragraph 103 of the Complaint and refer the Court to the Amended and Restated Bylaws for its complete contents.

104. The allegations contained in paragraph 104 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

105. The allegations contained in paragraph 105 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. The allegations contained in paragraph 108 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

109. The allegations contained in paragraph 109 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

110. The allegations contained in paragraph 110 state provisions of the Amended and Restated Bylaws and no response is necessary. Defendants refer the Court to the Amended and Restated Bylaws for its complete contents.

111. In response to paragraph 111 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 110 as if set forth at length herein.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint.

117. In response to paragraph 117 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 116 as if set forth at length herein.

118. Deny the allegations contained in paragraph 118 of the Complaint concerning the Benefit Plans, except admit that Plaintiff was an employee of H&H at all relevant times, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 118 of the Complaint.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint.

120. Deny the allegations contained in paragraph 120 of the Complaint.

121. The allegations contained in paragraph 121 of the Complaint state legal conclusions to which no response is necessary.

122. In response to paragraph 122 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 121 as if set forth at length herein.

123. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Complaint.

126. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Complaint.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint.

128. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint.

129. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Complaint.

134. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Complaint.

135. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Complaint.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint.

138. In response to paragraph 138 of the Complaint, repeat and reiterate its responses to paragraphs 1 through 137 as if set forth at length herein.

139. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Complaint.

140. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint.

141. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint.

142. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Complaint.

143. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Complaint.

144. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the Complaint.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the Complaint.

146. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Complaint.

147. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Complaint.

148. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Complaint.

149. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the Complaint.

150. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Complaint.

151. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the Complaint.

152. In response to paragraph 152 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 151 as if set forth at length herein.

153. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the Complaint concerning the Option Plan, and deny the remaining allegations contained in paragraph 153 of the Complaint.

154. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the Complaint concerning the Option Plan, and deny the remaining allegations contained in paragraph 154 of the Complaint.

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 of the Complaint concerning the Option Plan, and deny the remaining allegations contained in paragraph 155 of the Complaint.

156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the Complaint concerning the Option Plan, and deny the remaining allegations contained in paragraph 156 of the Complaint, except admit that Plaintiff made a demand for benefits on April 26, 2006.

157. Deny the allegations contained in paragraph 157 of the Complaint, except admit that Plaintiff's claims under the Bonus Plan and the Incentive Plan were denied on May 26, 2006.

158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Complaint concerning the Option Plan, and deny the remaining allegations contained in paragraph 158 of the Complaint, except admit that Plaintiff appealed the denial of his benefits under the Bonus Plan and the Incentive Plan on July 10, 2006.

159. Deny the allegations contained in paragraph 159 of the Complaint, except admit that Plaintiff's claims under the SERP were denied on September 27, 2006.

160. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Complaint.

161. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Complaint concerning the Option Plan, and deny the remaining allegations contained in paragraph 161 of the Complaint.

162. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Complaint.

163. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Complaint.

164. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Complaint concerning the Option Plan, and deny the remaining allegations contained in paragraph 164 of the Complaint.

165. Deny the allegations contained in paragraph 165 of the Complaint.

166. Deny the allegations contained in paragraph 166 of the Complaint.

167. Deny the allegations contained in paragraph 167 of the Complaint.

168. Deny the allegations contained in paragraph 168 of the Complaint.

169. In response to paragraph 169 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 168 as if set forth at length herein.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the Complaint.

171. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171 of the Complaint.

172. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the Complaint.

173. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of the Complaint.

174. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Complaint.

175. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of the Complaint.

176. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of the Complaint.

177. In response to paragraph 177 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 176 as if set forth at length herein.

178. Deny the allegations contained in paragraph 178 of the Complaint, except admit that the statutes provide for awarding attorney's fees and costs in certain cases.

179. Deny the allegations contained in paragraph 179 of the Complaint concerning Plaintiff's request for fees and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 179 of the Complaint.

180. In response to paragraph 180 of the Complaint, repeat and reiterate their responses to paragraphs 1 through 179 as if set forth at length herein.

181. Deny the allegations contained in paragraph 181 of the Complaint.

182. Deny the allegations contained in paragraph 182 of the Complaint.

183. Deny the allegations contained in paragraph 183 of the Complaint.

184. Deny the allegations contained in paragraph 184 of the Complaint.

185. Deny the allegations contained in paragraph 185 of the Complaint.

186. Deny the allegations contained in paragraph 186 of the Complaint.

<u>First Affirmative Defense</u>

The Complaint, and each Count thereof, fails to state a claim against Defendants upon which relief can be granted.

<u>Second Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, due to the doctrines of waiver, estoppel, and unclean hands.

<u>Third Affirmative Defense</u>

Defendants specifically reserve the right to file and assert any and all additional defenses in response to the Complaint, including any additional affirmative or special defenses, or any such other matters constituting an avoidance, which may subsequently come to the attention of Defendants, to the full extent permitted by law, including those asserted by any other defendant or that become available or apparent during discovery.

569882-1

<u>Fourth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own material breaches of contract.

<u>Fifth Affirmative Defense</u>

Plaintiff does not have any proper claims against the Bonus Plan and the Incentive Plan directly.  To the extent that any claims exist, such claims should be brought against H&H only.

<u>Sixth Affirmative Defense</u>

Plaintiff fails to satisfy the criteria for benefits under either the Bonus Plan or the Incentive Plan.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
　　　　March 7, 2008

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP


By:   /s/ Christine W. Wong
　　　Thomas J. Fleming, Esq. (TJF 4433)
　　　Christine W. Wong, Esq. (CWW 7683)
　　　*Attorneys for Defendants*
　　　Park Avenue Tower
　　　65 East 55th Street
　　　New York, New York 10022
　　　(212) 451-2300

569882-1