# OLSHAN
OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP

PARK AVENUE TOWER
65 EAST 55TH STREET
NEW YORK, NEW YORK 10022
TELEPHONE 212 451 2300
FACSIMILE 212 451 2222

March 7, 2008    **MEMO ENDORSED**

WWW.OLSHANLAW.COM

DIRECT DIAL: 212.451.2213
EMAIL: TFLEMING@OLSHANLAW.COM

FEDERAL EXPRESS

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Re:    Kelly v. Handy & Harman, et al., 08 CV 00163

Dear Judge Karas:

    We represent the defendants. We write to request a pre-motion conference regarding our proposed motions for summary judgment and to dismiss. Plaintiff's core claims are for benefits under ERISA plans that provide that decisions by their Plan Administrators are "final and conclusive and binding." Under well-established precedent, the Plan Administrator's denial of benefits after a lengthy review cannot be disturbed unless it is arbitrary and capricious, a showing that cannot be made here. The claims against the remaining defendant benefit plans and WHX Corporation are also barred for the reasons set forth below.

The Parties

    Plaintiff Dennis Kelly was employed by defendant Handy & Harman ("H&H") until his discharge in September, 2005.

    Defendant H&H is a diversified manufacturer based in Rye, New York. Defendant WHX Corporation ("WHX") is its parent corporation.

    The remaining seven defendants are benefit plans for employees of WHX and/or H&H. The core claims are against two plans maintained for H&H senior executives, the Handy & Harman ("H&H") Supplemental Executive Retirement Plan ("SERP") and the H&H Executive Post-Retirement Life Insurance Program ("Life Insurance Program"). The remaining plan defendants are (i) the WHX Incentive and Non-Qualified Stock Option Plan ("Option Plan"), (ii) the H&H/WHX Pension Plan ("Pension Plan"), (iii) the H&H Post-Retirement Medical Plan ("Medical Plan"), (iv) the H&H Long-Term Incentive Plan ("Incentive Plan"), and (v) the H&H Management Incentive Plan ("Bonus Plan").

The SERP Claim

    Plaintiff's most significant claim seeks to recover approximately $4 million allegedly due under the SERP. On September 27, 2006, the SERP's Claim Administrator denied plaintiff's claim in a nine page letter, attaching certain relevant documents and an index of the many documents that he relied upon. On November 6, 2006, H&H produced to Mr. Kelly over ten thousand pages of documents and a disc of emails, which constitute the administrative record in his case, and a ten-page letter responding to his

NEW JERSEY OFFICE
744 BROAD STREET, 16TH FLOOR
NEWARK, NEW JERSEY 07102
TELEPHONE 973 331 7200
FACSIMILE 973 331 7222

568096-3

March 7, 2008
Page 2

contentions. Plaintiff appealed the Claim Administrator's denial on December 11, 2006. H&H's Plan Administrator affirmed the Claim Administrator's decision. Its ruling is reflected in a detailed response to the contentions raised in plaintiff's appeal letter. The decisions of the Plan and Claim Administrator are annexed to the Answers filed by the SERP.

The SERP provides, "The decision or action of the [Plan Administrator] in respect of any questions arising out of or in connection with the administration, interpretation and application of the Supplemental Plan and the rules and regulations thereunder *shall be final and conclusive and binding* upon all persons having any interest therein. (emphasis added)

When an ERISA plan vests the administrator with "final and binding" discretion to determine a participant's eligibility to receive benefits, federal courts give deference to a plan administrator's decision, which will be enforced unless plaintiff demonstrates that it is arbitrary and capricious or can show that the administrator's decision was actually influenced by a conflict of interest. *Pulvers v. First Unum Life Ins. Co.*, 210 F.3d 89, 92 (2d Cir. 2000), *quoting Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 1251, 1256 (2d Cir. 1996). *See also Harrison v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d 424, 435-36 (S.D.N.Y. 2006) (arbitrary and capricious standard applies unless administrator was actually influenced by conflict); *Lee v. Aetna Life & Cas. Ins. Co.*, No. 05 Civ. 2960, 2006 WL 345854, at *2 (S.D.N.Y. Feb. 13, 2006). An administrator's decision may only be overturned "if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pulvers*, 210 F.3d at 92, *quoting Pagan v. Nynex Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995). If there is more than one reasonable interpretation, the administrator's choice of a reasonable interpretation controls. *Pulvers*, 210 F.3d at 92-93.

Courts routinely enforce the determinations of Plan Administrators on summary judgment. *Francia v. Wonderoast, Inc. Profit Sharing Plan*, No. 92-CV-790S, 1995 WL 625705, *7-*8 (W.D.N.Y. Oct. 19, 1995) ("'the lawful discretionary acts of a pension committee should not be disturbed, absent a showing of bad faith or arbitrariness.'") (citations omitted). To do otherwise, would transform the Court into "substitute plan administrators, contrary to Congress' intention." *C.N.S., Inc. v. Connecticut Gen. Life Ins. Co.*, 9 F. Supp. 2d 194, 196 (E.D.N.Y. 1998).

Plaintiff's allegations of a conflict are insufficient as a matter of law. *Cook v. New York Times Co. Long-Term Disability Plan*, No. 02 Civ. 9154, 2004 WL 203111, at *3 (S.D.N.Y. Jan. 30, 2004). *See also Fay v. Oxford Health Plan*, 287 F.3d 96, 109 (2d Cir. 2002) (even where there is inherent conflict because plan administrator also pays the claims, plaintiff must show the conflict actually governed the administrator's decision). Further, a showing that a plan is unfunded and that the administrators were also employees of the plan sponsor is insufficient for plaintiff to show that there was an actual conflict, and that the *de novo* standard should apply. *See Sullivan*, 82 F.3d at 1255; *Pagan*, 52 F.3d at 442.

The Remaining Defendants

Life Insurance Program – The review and appeal process for the SERP claim encompassed plaintiff's claim under the Life Insurance Program. The Plan Adminsitrator's decision is again entitled to deference.

Plaintiff's claim under the Life Insurance Program also fails because plaintiff never appealed the benefits awarded under this program as inadequate. *Thomas v. Verizon*, No. 02 Civ. 3083, 2004 WL 1948753 (S.D.N.Y. Sept. 2, 2004) (summary judgment for defendant granted when plaintiff failed to appeal the denial of her claim).

568096-3

March 7, 2008
Page 3

  WHX – It is undisputed that pursuant to WHX's bankruptcy filing in 2005, the Plan of Reorganization canceled the Merger Agreement, upon which plaintiff's indemnification claim is based. WHX's general discharge bars claims over pre-petition obligations. *In re Texaco Inc.*, 182 B.R. 937 (Bankr. S.D.N.Y. 1995).

  Option Plan – The Option Plan was also cancelled and annulled by WHX's bankruptcy filing. It held options to purchase WHX stock, which were wiped out in the reorganization.

  Pension Plan – Plaintiff's claim is premature because he has not reached 60 years of age. The Pension Plan provided plaintiff with a Deferred Pension Application in 2006, which he never returned. More important, the Pension Plan has neither denied him benefits, nor asserted that he is not entitled to them. *Riley v. MEBA Pension Trust*, 452 F. Supp. 117 (S.D.N.Y. 1978) (finding that plaintiff has no vested right to pension benefits until he reached the retirement age).

  Medical Plan – Plaintiff is not eligible for benefits under the Medical Plan since he was terminated prior to his retirement. Further, plaintiff is neither enrolled in this plan nor is he receiving pension payments, which are conditions of the plan, and is not eligible to receive benefits under it. *Caidor v. Chase Manhattan Bank*, No. 98 Civ. 5018, 2001 WL 311227 (S.D.N.Y. March 27, 2001) (granting summary judgment when plaintiff's condition did not satisfy the requirements of the plan).

  Incentive Plan – Plaintiff has asserted a claim against the Incentive Plan, which was established to provide incentive benefits for employees who work over multi-year cycles. Plaintiff's Employment Agreement, however, provided that he could be terminated either with cause or without cause and, in either event, would have no entitlement to participation in the Incentive Plan benefits. More important, at time plaintiff was discharged, there was no Incentive Plan in place, the previous plan having expired in 2004.

  Bonus Plan – In his Employment Agreement, plaintiff agreed to look to H&H for any claim related to his annual bonus in the event of a termination. Accordingly, no claim may be stated against the Bonus Plan.

## Conclusion

  For the reasons stated above, defendants SERP, Life Insurance Program, WHX, Option Plan, Pension Plan, and Medical Plan wish to move for summary judgment against plaintiff, and defendants Incentive Plan and Bonus Plan wish to move to dismiss against plaintiff and on the clear terms of the Employment Agreement referenced in the Complaint. Once these claims are resolved, plaintiff's sole claim will be a non-federal claim against H&H for breach of contract. Because no diversity exists, this claim too should be dismissed pursuant to 28 U.S.C. § 1367(c). Defendants respectfully request that Your Honor schedule a pre-motion conference.

Respectfully submitted,

Thomas J. Fleming

cc:   Les Corwin, Esq. (via fax)

*[Handwritten note:]* The Court will hold a pre-motion conference on April 18, 2008, at [illegible]. All deadlines are stayed until then.

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.
3/14/08

568096-3