UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DENNIS C. KELLY,

                Plaintiff,

      - vs -

HANDY & HARMAN, WHX CORPORATION, HANDY
& HARMAN SUPPLEMENTAL EXECUTIVE
RETIREMENT PLAN, HANDY & HARMAN
EXECUTIVE POST-RETIREMENT LIFE INSURANCE
PROGRAM, HANDY & HARMAN PENSION
PLAN/WHX PENSION PLAN, HANDY & HARMAN
MANAGEMENT INCENTIVE PLAN, HANDY &
HARMAN LONG-TERM INCENTIVE PLAN,
INCENTIVE AND NON-QUALIFIED STOCK OPTION
PLAN, AND THE HANDY & HARMAN POST-
RETIREMENT MEDICAL PLAN,

                Defendants.
------------------------------------x

08 CV 00163 (KMK)

**PLAINTIFF
DENNIS C. KELLY'S
FIRST REQUEST
FOR PRODUCTION
OF DOCUMENTS**

     Please take notice that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Dennis C. Kelly ("Kelly" or "Plaintiff"), by his undersigned counsel, hereby requests that within thirty (30) days of service hereof, defendants Handy & Harman, WHX Corporation, Handy & Harman Supplemental Executive Retirement Plan, Handy & Harman Executive Post-Retirement Life Insurance Program, Handy & Harman Pension Plan/WHX Pension Plan, Handy & Harman Management Incentive Plan, Handy & Harman Long-Term Incentive Plan, Incentive and Non-Qualified Stock Option Plan, and the Handy & Harman Post-Retirement Medical Plan (collectively, the "Defendants") produce for inspection and copying all documents requested herein that are within Defendants' possession, custody or control, or in the possession, custody or control of any of their agents, employees, representatives, attorneys or any other entity or persons

holding said documents subject to Plaintiff's direction, in accordance with the definitions and instructions set forth below (the "Requests").

Production and inspection shall occur at the offices of Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, 15th Floor, New York, New York 10166, or as otherwise agreed upon by Plaintiff and Defendants within thirty (30) days after service of this request.

## DEFINITIONS

1. Plaintiff adopts and incorporates by reference the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Civil Rules for the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules"). In addition, the following terms shall have the meanings (or additional meanings) set forth below.

2. As used herein, the term "document" or "documents" is used in the broadest sense permissible under the Federal Rules of Civil Procedure, the Federal Rules of Evidence and all other applicable rules, and shall include, without limitation, any kind of written, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including originals, non-identical copies (whether different from the originals because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, and including, but not limited to: (1) papers; (2) books; (3) letters; (4) correspondence; (5) telegrams; (6) cables; (7) email transmissions; (8) telecopier or facsimile transmissions; (9) memoranda; (10) notes; (11) notations; (12) work papers; (13) transcripts; (14) minutes; (15) reports and recordings of telephone and other conversations or other interviews, or of conferences or other meetings; (16) affidavits; (17) statements;

(18) summaries; (19) opinions; (20) reports; (21) studies; (22) analyses; (23) evaluations; (24) contracts; (25) agreements; (26) ledgers; (27) journals; (28) statistical records; (29) desk calendars; (30) appointment books; (31) diaries; (32) lists; (33) tabulations; (34) sound recordings; (35) computer printouts; (36) data processing records; (37) microfilm or microfiche; (38) photographs; (39) maps; (40) charts; (41) accounts; (42) financial statements and reports thereof; (43) all records kept by electronic, photographic, or mechanical means; and (44) things similar to any of the foregoing, however denominated. In addition, requests for "documents" shall be deemed to include all translations in English of any otherwise responsive document to the extent they are in existence at the time of Plaintiff's response hereto or to the extent such translations are made, caused to be made or required to be made thereafter.

3. "Plaintiff" or "Kelly" means and shall refer to Dennis C. Kelly.

4. "Defendants" means and shall refer to the above-captioned Defendants sued in this action.

5. "H&H" means and shall refer to Handy & Harman.

6. "WHX" means and shall refer to WHX Corporation.

7. "Concerning" means relating to, referring to, pertaining to, reflecting, describing, evidencing or constituting.

8. "Relate," "reflects" or "refers" means constituting, directly or indirectly mentioning, discussing, describing, pertaining to or connected with a stated subject matter.

9. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. "Employment Agreement" means and shall refer to Mr. Kelly's Employment Agreement with H&H, dated as of April 7, 1998, as amended.

11. "January 1998 SERP" means and shall refer to H&H's January 1, 1998 Supplemental Executive Retirement Plan.

12. "August 1998 SERP" means and shall refer to H&H's Supplemental Executive Retirement Plan, dated as of August 1, 1998.

13. "Incentive Plan" means and shall refer to the H&H Long-Term Incentive Plan.

14. "Medical Plan" means and shall refer to H&H Post-Retirement Medical Plan.

15. "September 5th Letter" means and shall refer to the letter, dated September 15, 2005 sent to Mr. Kelly by H&H, bates stamped PA5774.

## INSTRUCTIONS

1. Each request shall be construed independently and no request limits the scope of any other request.

2. In order to bring within the scope of these document requests all conceivably relevant and responsive documents which might otherwise be construed to be outside their scope:

   i. the singular of each word shall be construed to include its plural and vice-versa;

   ii. "and" as well as "or" shall be construed conjunctively as well as disjunctively;

   iii. "all," "any," "each" and "every" shall each be construed as all, any, each and every.

3.  Defendants shall produce documents responsive to these Requests separately.

4.  Defendants shall produce any and all drafts and copies of each document that are responsive to any request, and all copies of such documents that are not identical in any respect, including, but not limited to, copies containing handwritten notes, markings, stamps or interlineations.

5.  These requests are continuing in nature. In accordance with Local Rule 26.2, where a claim of privilege is asserted in objecting to any document request, Defendants must identify the nature of the privilege (including work product) which is being claimed and/or the privilege rule being invoked, and for each document withheld, Defendants must provide the following information:

    i. the type of document;

    ii. the subject matter of the document;

    iii. the date of the document;

    iv. the author(s), addressee(s) and recipient(s) of the document, and where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to one another;

    v. the number of pages; and

    vi. the identity of any enclosure(s) or attachment(s).

6.  The documents responsive to these Requests are to be produced as they were kept in the ordinary course of business and/or in the ordinary course of record-keeping, and are to be labeled in such a way as to indicate the files from which they came.

7.  In the event that any document called for by these Requests has been destroyed or discarded, that document is to be identified by indicating: (i) the type of

document; (ii) the subject matter of the document; (iii) the date of the document; (iv) author(s), addressee(s) and recipient(s) of the document; (v) number of pages; (vi) the identity of any enclosure(s) or attachment(s); (vii) persons to whom distributed, shown or explained; (viii) date of destruction or discard and reason for destruction and discard; and (ix) persons authorizing and carrying out such destruction and discard.

8.  If any information or data is withheld because such information or data is stored only electronically, it is to be identified by the subject matter of the information or data, the storage mode, and the place or places where such information is maintained.

9.  Unless otherwise indicated, the time period covered by these Requests is January 1, 1998 through the present.

10.  **The Requests seek documents only to the extent they were not previously produced to Plaintiff by Defendants**.

## REQUESTS FOR PRODUCTION

1.  Each and every document concerning Plaintiff's termination, including, but not limited to, e-mails, notes, letters, and memoranda exchanged among representatives of H&H and WHX.

2.  Each and every document concerning the allegation in the September 5th Letter that Mr. Kelly's termination "arises under Paragraph 7(a) of [the] Employment Agreement."

3.  Each and every document concerning the allegation in the September 5th Letter that Mr. Kelly "violated provisions of . . . Paragraph [7(a)] by, *inter alia*, attempting to amend and put in place various benefit plans to personally benefit [him]self, without notice to, or approval of, the Board of Directors. . . ."

4.  Each and every document concerning the allegation in the September 5th Letter that Mr. Kelly "fail[ed] to disclose the existence of the relevant plan documents and other information to the Board...."

5.  Each and every document concerning the allegation in the September 5th Letter that Mr. Kelly "fail[ed] to cooperate in the Company's investigation of these important issues...."

6.  Each and every document concerning the allegation in the September 5th Letter that H&H suffered "material losses . . . in connection with [Mr. Kelly's] actions..."

7.  Each and every document concerning the allegation in the September 5th Letter that Mr. Kelly engaged in a "pattern and practice of behavior that materially has breached [his] employment obligations."

8.  Each and every document reflecting an analysis, summary, evaluation, or review of Mr. Kelly's job performance at H&H.

9.  Mr. Kelly's personnel file.

10. Each and every document relating to a July 2005 meeting of the H&H or WHX Board of Directors, or any group of Board Members thereof, including, but not limited to, minutes, notes, emails, and memoranda.

11. Each and every document reflecting communications between Olshan Grundman Frome Rosenzweig & Wolosky, LLP and Louis Klein and/or Garen Smith regarding Mr. Kelly and/or the August 1998 SERP.

12.     Each and every document reflecting communications between Olshan Grundman Frome Rosenzweig & Wolosky, LLP and Hal Leiberman regarding Mr. Kelly and/or the August 1998 SERP.

Dated: New York, New York
       July 7, 2008

                                    GREENBERG TRAURIG, LLP

                                    By: _____
                                    Timothy E. Di Domenico (TD-4900)

                                    MetLife Building
                                    200 Park Avenue, 15th Floor
                                    New York, New York 10166
                                    (212) 801-9200

                                    *Attorneys for Plaintiff*
                                    *Dennis C. Kelly*


TO:    Thomas Fleming
       Olshan Grundman Frome Rosenzweig & Wolosky, LLP
       Park Avenue Tower
       65 East 55th Street
       New York, NY 10022

## CERTIFICATE OF SERVICE

I, Timothy E. Di Domenico, do hereby certify that on July 7, 2008, I caused a copy of the foregoing Plaintiff Dennis C. Kelly's First Request for Production of Documents to be served via E-mail PDF and Federal Express, upon the following individual:

>Thomas Fleming
>Olshan Grundman Frome Rosenzweig & Wolosky, LLP
>Park Avenue Tower
>65 East 55th Street
>New York, NY 10022
>212.451.2300
>
>*Attorneys for Defendants*

Dated: New York, New York
July 7, 2008

_____
Timothy E. Di Domenico (TD 4900)