UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DENNIS C. KELLY,

                        Plaintiff,                      **DECISION AND ORDER**

    -against-

                                                       08 Civ. 0163 (KMK)(GAY)

HANDY & HARTMAN, et al.,

                        Defendants.

------------------------------------------------------------------------x

I. Background

Plaintiff Dennis C. Kelly brings this breach of contract action pursuant to the Employment Retirement Income Security Act of 1974, as amended § 510, 29 U.S.C. 1140 ("ERISA").  He alleges that defendant Handy & Harman ("H&H") wrongfully (1) terminated him; (2) denied him retirement and termination benefits under his employment agreement; and (3) withheld payments under certain ERISA and benefits plans.  Plaintiff now moves to compel defendants pursuant to Fed.R.Civ.P. 37 to produce certain documents withheld based on various assertions of attorney-client, work product and common interest privileges.  The documents set forth below are currently at issue.  Plaintiff contend that no privilege or work product protection attach to the documents.  Moreover, plaintiff asserts that defendants waived any privilege or work product protections by producing for discovery other privileged or work product protected documents relating to issues in this litigation.  The Court has reviewed *in camera* the following documents at issue listed on the defendants' privilege log: 27, 28, 29, 30, 31, 35, 39, 46, 47, 48, 50, 51, 61, and 62.

Defendant was an employee of H&H.  In April 1998, H&H was acquired the WHX Corp.  Plaintiff was allegedly involved in creating and administering an amended Supplemental Executive Retirement Program ("SERP") dated August 1998.  Said amended SERP became a contested issue when WHX filed for bankruptcy in March 2005.  The documents at issue here related to the SERP issues and plaintiff's employment.  H&H hired the firm of Olshan Grundman Frome Rosenzweig & Wolosky, LLP ("Olshan") on April 14, 2005 to conduct an investigation of the amended SERP proffered by the plaintiff.  This amended SERP would have triggered substantial payouts to plaintiff and others due to the "change in control" brought on by WHX's bankruptcy proceeding.  Upon completion of its investigation, Olshan issued a report on May 2005.  In July 2005, H&H retained Akin Gump Strauss Hauer & Feld, LLP ("Akin") for advice regarding plaintiff's employment.  H&H terminated plaintiff's employment in December 2005.

After his termination, plaintiff made benefit demands pursuant to H&H's SERP and Life Insurance Program.  The Compensation Committee designated itself the Plan Administrator and member Louis Klein as the Claim Administrator.  The Claim Administrator and Plan Administrator denied plaintiff the benefit demands.

II. <u>Legal Standards Re Privileges</u>

A. <u>Attorney-Client Privilege</u>

In order for a party to withhold a discovery request based on attorney client privilege, said party bears the burden to show that the discovery items (1) was a communication between client and counsel; (2) was intended to be and was in fact kept confidential; and (3) was made for the purpose of obtaining or providing legal advice.  <u>United States</u>

v. Construction Prods. Res., Inc., 73 F.3d 464, 473 (2d Cir. 1996).  The party seeking to invoke the privilege must submit more than conclusory evidence to support its contention.  von Bulow v. von Bulow, 811 F.2d 136, 146 (2d Cir. 1996).

  B.  Work Product Doctrine

The work product doctrine prohibits the discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed.R.Civ.P. 26(b)(3)(A).  As with the attorney-client privilege, the party seeking work product protection has the burden to prove the documents at issue are eligible for such protection.  Bovis Lend Lease, LMB, Inc. V. Seasons Contracting Corp., No. 00 Civ. 9212, 2002 WL 31729693 at *5 (S.D.N.Y. Dec. 5, 2002).  However, such work product is discoverable if (1) it is otherwise discoverable pursuant to a court order, or (2) the party seeking the materials "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed.R.Civ.P. 26(b)(3)(A)(i)-(ii).

  C.  Waiver of Privileges

Generally, when a party voluntarily discloses confidential, privileged information to a third party outside the privileged relationship, the party waives any applicable privilege. Gucci Am., Inc. V. Gucci, No. 07 Civ. 6820, 2008 WL 5251989 at *1 (S.D.N.Y. Dec. 15, 2008)(citation omitted).  Also, selective disclosure of certain privileged or work product material, under principles of fairness, "may require a more complete disclosure." Bovis Lend Lease, LMB, Inc., 2002 WL 31729693 at *5.  Further, at an "at issue" or "implied" waiver of the attorney-client privilege occurs when:

   (1) the assertion of the privilege was a result of some alternative act, such

as filing a suit or pleading to response to a claim; (2) through the affirmative act, the asserting party has put the protected information at issue by making It relevant to the case .. . . (3) the application of the privilege would have denied the opposing party access to information vital to the defense and (4) the party relied "on privileged advice from his counsel to make his claim or defense..

In re County of Erie, 546 F.3d 222, 226, 29 (2d Cir. 2008)(quoting Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975).

   D.  Common Interest Doctrine

The common interest doctrine (also, the "common interest privilege") is an exception to the third-party disclosure waiver.  The doctrine "permits the disclosure of a privileged communication . . . providing the party claiming an exception to waiver demonstrates that the parties communicating: (1) have a common legal, rather than commercial, interest, and (2) the disclosures are made in the course of formulating a common legal strategy."  Id.  (citing Bank Brussels Lambert v. Credit Lyonnais, 160 F.R.D. 437, 447 (S.D.N.Y. 1995)).  Such confidential communications between such parties maintain their privileged status regardless of whether actual litigation is in progress.  Id. (citation omitted).  Further, "the privilege is not forfeited even though no attorney either creates or receives that communication."  Id.

   III.  Discussion

   A.  Document Nos. 28, 29, 30 and 31

The Court's *in camera* review of documents 28, 29, 30 and 31 shows that all of the items would qualify as attorney work product.  A "substantial need" for the documents has not been demonstrated.  The Court's *in camera* review further shows that no waiver has taken place due to the defendants' disclosure for discovery of related materials that

may arguably also be covered by similar privileges. The claiming of privileges here also did not amount to an "at issue" waiver of any privilege. Moreover, "fairness concerns" herein do not require a finding of waiver.

B. Documents Nos. 27, 35, 46, 47, 48, 49, 50, 51, 61 and 62

Upon *in camera* review, the Court concludes that documents 27, 35, 46, 47, 48, 49, 50, 51, 61 and 62 would be entitled to the privileges claimed. The Court's review also shows that said documents do not contain non-privileged business advice rather than legal advice. The Court further concludes that waiver has not been demonstrated. See A. above.

C. Document No. 39

The Court concludes that document no. 39 is not protected from disclosure by any privilege. Defendants are directed to provide said document to the plaintiff for discovery.

SO ORDERED:

Dated: July 23, 2009
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

5